UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KENNETH TRAVERS,** individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>**RELIANT REALTY SERVICES, LLC, RELIANT REALTY SERVICES, INC., HARBORVIEW TOWERS DEVELOPERS, LLC** and **HARBORVIEW TOWERS, LP**,<br><br>        Defendants. | Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, KENNETH TRAVERS ("Plaintiff"), on behalf of himself and all others similarly situated, by JTB Law Group, LLC, his attorneys, complaining of the Defendants Reliant Realty Services, LLC, Reliant Realty Services, Inc., Harborview Towers Developers, LLC and Harborview Towers, LP, (collectively, "Defendants"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action to recover monetary damages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Massachusetts General Laws ("M.G.L.A."), chapter 149 § 148, *et seq*.

2.      Defendants employed Plaintiff from approximately February 2015 until August 2017 as an hourly paid employee to provide maintenance ("Maintenance Worker") at a residential apartment building located at 280 Acushnet Avenue, New Bedford, Massachusetts 02740 ("Harborview Towers LP").

3.     Defendants improperly compensated Maintenance Workers for hours they worked in excess of forty (40) hours in a workweek in the following ways:

      a.   Not paying Maintenance Workers for all hours they worked each week outside of their regular schedule;

      b.   Not paying Maintenance Workers for hours they spent working while on-call;

      c.   Not paying Maintenance Workers for time sport working during unpaid lunch breaks;

      d.   Not ensuring that Maintenance Workers were completely relieved of duty during their unpaid meal breaks;

      e.   Not including the value of apartments provided by Defendants to Maintenance Workers when computing the regular rate used to pay their overtime.  *See* 29 C.F.R. § 778.116 ("Where…an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

4.     Based on Defendants' foregoing violations of the FLSA, Plaintiff seeks unpaid overtime wages calculated at time-and-a-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as well as liquidated damages, pre-judgment interest, attorneys' fees and costs.

5.     In addition to his individual FLSA claims, Plaintiff also brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Maintenance Workers employed by Defendants in the applicable time period, and seeks unpaid overtime, liquidated damages, attorneys' fees and costs, and any other remedies to which they may be entitled.

6.      Plaintiff brings this class action pursuant to Fed. R. Civ. P. Rule 23 on behalf of all Maintenance Workers employed by Defendants in the applicable time period and who worked in Massachusetts, and seeks unpaid overtime, liquidated damages, attorneys' fees and costs, and any other remedies to which they may be entitled.

7.      Plaintiff seeks to hold all Defendants jointly and severally liable on the basis that at all relevant times, all Defendants comprised a single integrated enterprise with common ownership and management and interrelated operations.

## JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

9.      As to claims under Massachusetts State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

10.     Defendant RELIANT REALTY SERVICES, LLC is subject to personal jurisdiction in New York because it is incorporated in New York and maintains its principal place of business in New York.

11.     Defendant RELIANT REALTY SERVICES, INC is subject to personal jurisdiction in New York because it is incorporated in New York and maintains its principal place of business in New York.

12.     Defendant HARBORVIEW TOWERS DEVELOPERS, LLC is subject to personal jurisdiction in New York because it is incorporated in New York and maintains its principal place of business in New York.

13.     Defendant HARBORVIEW TOWERS, LP is subject to personal jurisdiction in New York because its general partner HARBORVIEW TOWERS DEVELOPERS, LLC is based in New York.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are residents of this District and subject to personal jurisdiction in this District.

## THE PARTIES

15.     At all relevant times, Defendant RELIANT REALTY SERVICES, LLC, ("Reliant LLC") has been a New York for-profit Limited Liability Company, with its principal place of business at 885 Second Avenue, 31st Floor, New York, NY 10017.

16.     Reliant LLC "employs and manages approximately 700 personnel who facilitate operations at the asset level.  [Reliant LLC] currently provides property management, legal, accounting, security, compliance and maintenance services to approximately 13,000 units across 10 states." www.reliantrs.com.

17.     Defendant RELIANT REALTY SERVICES, INC., ("Reliant Inc.") was a New York for-profit corporation, with its principal place of business at 885 Second Avenue, 31st Floor, New York, NY 10017.

18.     Reliant Inc. is the predecessor in interests to Reliant LLC.

19.     Reliant LLC is the successor in interests to Reliant Inc.

20.     Defendant HARBORVIEW TOWERS DEVELOPERS, LLC has been a New York for-profit Limited Liability Company, with its principal place of business at 885 Second Avenue, 31st Floor, New York, NY 10017.

21.     Defendant HARBORVIEW TOWERS, L.P. has been a Massachusetts for-profit Limited Liability Partnership.

22.     HARBORVIEW TOWERS DEVELOPERS, LLC is the general partner of HARBORVIEW TOWERS, L.P.

23.     Defendants shared a place of business at 885 Second Avenue, 31st Floor, New York, NY 10017.

24.     Defendants jointly own and/or operate one or more apartment buildings at or around 280 Acushnet Avenue, New Bedford, MA 02740 known as Harborview Towers.

25.     Defendants controlled Plaintiff's employment and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment.

26.     Defendants employed Plaintiff as a single integrated enterprise.

27.     Reliant LLC and its predecessor Reliant Inc. own and/or operate apartment buildings and/or complexes throughout the country.

28.     Each apartment building and/or complex that Reliant LLC and its predecessor Reliant Inc. own and/or operate has a separate legal entity associated with solely that apartment building and/or complex.

29.     For example, Reliant LLC and Reliant Inc., in conjunction with Gates, L.P., own and/or operate one or more apartment buildings at or around 690 and 700 Gates Avenue, Brooklyn, NY 11221.

30.     Each of these apartment complexes and/or buildings is run as a single integrated enterprise with Reliant LLC and Reliant Inc. jointly and severally liable for the employees at those locations, including Maintenance Workers.

31.     At all relevant times, Plaintiff has been a resident of Bristol County, Massachusetts.

32.    Plaintiff has executed his consent to joint form, attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

*Defendants' Business*

33.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

34.    At all relevant times, Defendants were engaged in the business of building ownership and management throughout the United States.

35.    Defendants employ hundreds of employees at any given time.

36.    Defendants have common management, ownership, and financial control, including sharing officers and registered agents.

37.    Defendants jointly controlled, supervised, trained, hired, fired, and compensated Maintenance Workers at their buildings, including Plaintiff.

38.    Defendants were a single entity operating under different corporate forms.

39.    Defendants owned and managed the Harborview Towers apartment complex where Plaintiff worked.

40.    Plaintiff's pay records identified Harborview Towers LP as his employer.

41.    Plaintiff's direct superiors were employees of Reliant LLC and its predecessor Reliant Inc.

42.    In practice, Plaintiff experienced no difference between these companies.  They operated as one single entity.

43.    At all relevant times, Defendants' annual gross revenue exceeded $500,000.

44.    At all relevant times, Defendants had employees engaged in commerce, and handled goods that had been moved in or produced for commerce.

45.    Defendants are aware that the FLSA applies to their businesses and that they are required to adhere to the FLSA.

46.    Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonable, arbitrary, and in bad faith.

*Plaintiff's Employment*

47.    Defendants employed Plaintiff from approximately February 2015 until August 2017 as a Maintenance Worker.

48.    Plaintiff performed maintenance in Defendants' Harborview Towers apartment complex.

49.    Defendants paid Plaintiff based on an hourly rate for the time he spent working during his regular schedule.

50.    Defendants paid Plaintiff for some hours in excess of forty (40) in a workweek at a rate equal to one and a half times his hourly rate.

51.    Defendants also paid Plaintiff by providing him with lodging valued at approximately $1,006 per month or $231.26 per week (weekly value derived by dividing monthly value by 4.35 weeks per month).

52.    Defendants did not include the value of the lodging when computing Plaintiff's regular rate for purposes of computing overtime. *See* 29 C.F.R. § 778.116 ("Where…an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

53.    Plaintiff's regular schedule consisted of working eight hours a day from Monday through Friday.

54.    He was scheduled to begin his shifts at 8:00 A.M.

55.    During some periods of his employment, his scheduled shifts ended at 4:30 P.M.  These shifts included a half hour unpaid lunch break.

56.    During some periods of his employment, his scheduled shifts ended at 5:00 P.M.  These shifts included an hour long unpaid lunch break.

57.    Defendants frequently required Plaintiff to work during at least part of his lunch break without compensation.

58.    Plaintiff was often not completely relieved from duty during his meal breaks.

59.    Defendants also required Plaintiff to perform work outside of his regular schedule.

60.    Defendants occasionally required Plaintiff to work before a shift began, after a shift ended, or on weekends.

61.    This work could include regular maintenance work or on occasion larger maintenance projects.  For example, Plaintiff may have had to work on a Saturday to clean-up after a storm.

62.    In addition to the work described above, Defendants also required Plaintiff to be on-call to respond to immediate emergencies.

63.    Examples of emergencies could include a resident being locked-out, flooding caused by a plumbing issue, and *etcetera*.

64.    Defendants did not pay Plaintiff for all of the time he spent working outside of his regular hours, even when he recorded working those hours in Defendants' time tracking system.

65.    Defendants utilized an electronic time punch to track Plaintiff's time.

66.    Defendants often failed to pay Plaintiff for all of the hours he recorded into their electronic time punch.

67.    When Plaintiff first began working, Plaintiff used the electronic time punch to record most of the hours he spent working *except* time spent responding to on-call emergency assignments.

68.    Defendants did not require Plaintiff to clock-in for this time nor did they intend to pay Plaintiff for time spent working while on-call.

69.    Defendants viewed Plaintiff's on-call responsibilities and any work while on-call as being an unpaid part of his live-in Maintenance Worker responsibilities.

70.    Towards the end of his employment, Defendants began requiring Plaintiff to record the hours he spent working while on-call.

71.    Even though he began recording those hours, he was still not paid for all of those hours.

72.    For example, for the pay period of April 17, 2017 to April 30, 2017, Defendants paid Plaintiff for eighty (80) regular hours at $18.8173/hour and 3.07 overtime hours at $28.2260.

73.    Plaintiff worked more than 3.07 hours in excess of forty in a workweek during the pay period of April 17, 2017 to April 30, 2017, including, but not limited to, time worked off the clock while on call for which he did not receive compensation.

74.    Defendants did not include the value of the apartment they provided to Plaintiff in computing his overtime rate during the pay period of April 17, 2017 to April 30, 2017.

75.    As a result of the foregoing, Plaintiff was regularly not paid wages earned by him within the time frame required by M.G.L.A. chapter 149 § 148.

*Common Policy for Maintenance Workers*

76.    Maintenance Workers performed maintenance in Defendants' apartment complexes.

77.    Defendants paid Maintenance Workers based on an hourly rate for the time they spent working during their regular schedule.

78.    Defendants paid Maintenance Workers for some hours in excess of forty (40) in a workweek at a rate equal to one and a half times their hourly rate.

79.    Defendants also paid some Maintenance Workers by providing them with lodging.

80.    Defendants did not include the value of the lodging when computing Maintenance Workers' regular rate for purposes of computing overtime. *See* 29 C.F.R. § 778.116 ("Where…an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

81.    Maintenance Workers regular schedule often consisted of working eight hours a day from Monday through Friday.

82.    Defendants frequently required Maintenance Workers to work during at least part of their lunch breaks without compensation.

83.    Maintenance Workers were often not completely relieved from duty during their meal breaks.

84.    Defendants also required Maintenance Workers to perform work outside of their regular schedule.

85.    Defendants occasionally required Maintenance Workers to work before a shift began, after a shift ended, or on weekends.

86.    This work could include regular maintenance work or on occasion larger maintenance projects. For example, Maintenance Workers may have had to work on a Saturday to clean-up after a storm.

87.    In addition to the work described above, Defendants also required at least some Maintenance Workers to be on-call to respond to immediate emergencies.

88.    Examples of emergencies could include a resident being locked-out, flooding caused by a plumbing issue, and *etcetera*.

89.    Defendants did not pay Maintenance Workers for all of the time they spent working outside of their regular hours, even when they recorded working those hours in Defendants' time tracking system.

90.    At least some of the work Maintenance Workers performed outside of their regular schedule consisted of responding to emergency calls that they received while on-call.

91.    Defendants did not pay Maintenance Workers for all of the time they spent working outside of their regular hours, even when they recorded working those hours in Defendants' time tracking system.

92.    As a result of the foregoing, Maintenance Workers employed in Massachusetts were regularly not paid wages earned by them within the time frame required by M.G.L.A. chapter 149 § 148.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

93.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

94.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All Maintenance Workers who worked for Defendants at any time within the period of three years prior to the commencement of this action and the date of judgment*

(hereinafter referred to as the "FLSA Collective").  Plaintiff reserves the right to amend this definition as necessary.

95.    Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23 as to claims under

M.G.L.A. on his own behalf and on behalf of:

> *All Maintenance Workers who worked for Defendants in Massachusetts at any time within the period of three years prior to the commencement of this action and the date of judgment*

(hereinafter referred to as the "Rule 23 Class").  Plaintiff reserves the right to amend this

definition as necessary.

96.    With respect to the claims set forth herein, a collective action under the FLSA and a class

action under Fed. R. Civ. P. Rule 23 is appropriate because the employees described above are

"similarly situated" to Plaintiff in this matter.  Plaintiff brings this collective and class action on

behalf of the members of the FLSA Collective and the Rule 23 Class because: (a) they have been

or are performing the same or similar job duties as one another on behalf of Defendants; (b) they

were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their

claims are based upon the same factual and legal theories.

97.    Defendants subjected the FLSA Collective and Rule 23 Class members to the following

policies and/or practices:

a.  Failure to include the cost of lodging provided to FLSA Collective and Rule 23
Class members when calculating their regular rate;

b.  Failure to pay FLSA Collective and Rule 23 Class members for time sport
working during unpaid lunch breaks;

c.  Failure to ensure that FLSA Collective and Rule 23 Class members were
completely relieved of duty during unpaid meal breaks;

d.  Failure to pay FLSA Collective and Rule 23 Class members for time spent
working while on call;

   e.   Failure to pay FLSA Collective and Rule 23 Class members for all the hours they

        spent working.

98.    Defendants' failure to compensate Plaintiff properly results from a policy or practice

applicable to all members of the FLSA Collective and Rule 23 Class who work(ed) in similar

positions.

99.    Plaintiff estimates that the FLSA Collective and Rule 23 Class includes hundreds of

members across several states.   The precise number of FLSA Collective and Rule 23 Class

members should be readily available from a review of Defendants' personnel and payroll

records.

100.    The class is so numerous that joinder of all members is impractical.   While the exact

number and identities of Class members are unknown at this time, and can only be ascertained

through appropriate discovery, Plaintiff believes that at least 50 putative class members have

worked for Defendants during the applicable statutory period, without receiving the appropriate

pay, as required by law.

101.    This litigation is properly brought as a class action because of the existence of questions

of fact and law common the Rule 23 Class which predominate over any questions affecting only

individual members, including:

        a.   Whether Defendants are liable to Rule 23 Class members for violations of the

             M.G.L.A.;

        b.   Whether Rule 23 Class members were paid all the wages they had earned.

102.    This litigation is properly brought as a class action because Plaintiff's claims are typical

of the claims of the members of the Rule 23 Class, inasmuch as all such claims arise from

Defendants' standard policies and practices, as alleged herein.  Like all Class members, Plaintiff was damaged by Defendants' policies and practices which failed to pay all wages earned.

103.    Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.    Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

104.    A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

      a.   Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide instead of on a repetitive individual basis;

      b.   Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

      c.   No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

105.    Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests

of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

106.    Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

107.    Defendants are aware that the FLSA applies to their businesses and that they are required to adhere to the FLSA.

108.    Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonable, arbitrary, and in bad faith.

**COUNT I: INDIVIDUAL CLAIM**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***

109.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

110.    Plaintiff regularly worked in excess of forty (40) hours per workweek.

111.    Defendants failed to compensate Plaintiff for all of his hours in excess of forty (40) hours in a workweek at a rate of not less than one and one half (1.5) times of his regular rate of pay.

112.    Defendants also failed to incorporate the cost of the lodging they provided to Plaintiff into his regular rate as required by 29 C.F.R. § 778.116.

113.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

114.    As a result of the foregoing, Plaintiff was illegally denied proper compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated

damages, reasonable attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II: 29 U.S.C. § 216(b) COLLECTIVE ACTION CLAIM
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

115.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

116.    FLSA Collective Members regularly worked in excess of forty (40) hours per workweek.

117.    Defendants failed to compensate FLSA Collective Members for all of their hours in excess of forty (40) hours in a workweek at a rate of not less than one and one half (1.5) times of his regular rate of pay.

118.    Defendants also failed to incorporate the cost of any lodging they provided to FLSA Collective Members into their regular rate as required by 29 C.F.R. § 778.116.

119.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

120.    As a result of the foregoing, FLSA Collective Members were illegally denied proper compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III: INDIVIDUAL CLAIM
### Violation of the M.G.L.A. chapter 149 § 148, 150

121.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

122.    Defendants did not pay Plaintiff weekly or bi-weekly all of the wages earned by him.

16

123.    Defendants' failure to pay Plaintiff all of the wages earned by him violates the M.G.L.A., chapter 149 § 148, 150.

124.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

125.    As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to M.G.L.A.

## COUNT IV: RULE 23 CLASS CLAIM
### Violation of the M.G.L.A. chapter 149 § 148, 150

126.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

127.    Defendants did not pay Rule 23 Class members weekly or bi-weekly all of the wages earned by them.

128.    Defendants' failure to pay Rule 23 Class members all of the wages earned by them violates the M.G.L.A., chapter 149 § 148, 150.

129.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

130.    As a result of the foregoing, Rule 23 Class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to M.G.L.A.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Kenneth Travers, individually and on behalf of all other FLSA Collective Members, respectfully requests that this Court grant the following relief:

a.      Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count II);

b.      Certify this case as a class action in accordance with Fed. R. Civ. P. Rule 23 with respect to the M.G.L.A. claims set forth herein (Count IV);

c.      Order Defendants to disclose in computer format, or in print, if no computer readable format is available, the names and addresses of all FLSA Collective and Rule 23 Class Members and permitting Plaintiff to send notice of this action to all FLSA Collective and Rule 23 Class Members, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

d.      Designate Plaintiff as the representative of the FLSA Collective and the Rule 23 Class and the undersigned counsel as counsel for the same;

e.      Direct Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all FLSA Collective and Rule 23 Class Members who opt-in to this action;

f.      Judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective Members the full amount of damages and liquidated damages available by law;

g.    Judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the Rule 23 Class Members the full amount of damages and liquidated damages available by law;

h.    A declaratory judgment that Defendants' pay practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq.* and M.G.L.A., chapter 149 § 148, *et seq.*;

g.    An incentive award for Plaintiff for serving as representative of the FLSA Collective pursuant to the FLSA;

h.   Reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute; and

i.   Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Kenneth Travers, individually and on behalf of all other FLSA Collective and Rule 23 Class Members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,


Dated: March 2, 2018                    By:   /s/Jason T. Brown
                                             Jason T. Brown
                                             **JTB LAW GROUP, LLC**
                                             155 2nd St., Suite 4
                                             Jersey City, NJ 07302
                                             T: (877) 561-0000
                                             F: (855) 582-5297
                                             jtb@jtblawgroup.com

                                             *Counsel for Plaintiff*