

155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

October 5, 2018

*Via CM/ECF*

Hon. Jesse M. Furman, USDJ
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

>    Re:   *Travers v. Reliant Realty Services, LLC, et al*
>          Civil Case No.: 18-cv-01903-JMF
>          **Joint Letter for Approval of Rule 68 Offer of Judgment**

Dear Judge Furman:

Pursuant to Your Honor's September 18, 2018 Order (ECF No. 25), the parties respectfully submit this joint letter to seek approval of Plaintiff's Acceptance of Defendants' Rule 68 Offer of Judgment (ECF No. 23) as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants have reviewed this letter and consent to its filing.

For the reasons and arguments set forth below, the parties submit that the terms set forth in the Rule 68 Offer of Judgment (ECF No. 23-1) constitute a fair and reasonable resolution of the parties' *bona fide* dispute over liability, the number of hours worked and computation of the alleged damages. The parties therefore respectfully request the Court approve the terms of the accepted Rule 68 Offer and direct the Clerk to enter the proposed Order of Judgment (ECF No. 24).

### Case Overview

Plaintiff Kenneth Travers commenced this action on March 2, 2018 on behalf of on-site maintenance workers to recover unpaid overtime wages and liquidated damages, along with costs and reasonable attorneys' fees, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Massachusetts General Laws ("MGL"), chapter 149 § 148, *et seq.* (ECF No. 1). Specifically, Plaintiff alleged that Defendants failed to: (1) pay him for all hours worked including both the time captured on the timecards and time spent working off-the-clock outside of his regular schedule and during meal breaks, and (2) include the imputed income of the fair value of his lodging in the calculation of his overtime rate. (**Ex A**, Teng Decl., ¶ 6). Defendants filed their

Answer on May 17, 2018. (ECF No. 13). Defendants denied these allegations and maintained that they properly paid Plaintiff at all times.

Following Your Honor's April 13, 2018 Order Regarding Early Mediation, Counsel for the parties discussed the complexity of the litigation, its proofs, and possible procedural practices of moving for 216(b) collective conditional certification and/or Rule 23 class certification, Defendants' moving for decertification, and dispositive motions by both sides. (Teng Decl., ¶ 8). The parties also exchanged limited discovery including Plaintiff's pay and time records, and attempted preliminary settlement negotiations in advance of a mandatory Settlement Conference before Magistrate Judge Robert W. Lehrburger. (*Id.*).

The parties do not dispute that Plaintiff was paid on an hourly basis; he was paid some overtime in some weeks; he was provided with an apartment to live in; he was responsible for the general maintenance, repairs and upkeep of the two residential buildings located in New Bedford, Massachusetts; and that he was periodically required to handle emergencies. (*Id.* ¶ 9).

The parties disagree on many factual and legal issues such as whether Plaintiff performed off-the-clock work outside of his regular work schedule and/or during meal breaks; whether Defendants had knowledge of the off-the-clock work; whether he was paid for all time captured on the timecards; whether any of the unpaid hours were gap time; whether the lodging provided was for the benefit of the employer or the employee and whether living on-site was a part of the requirements to fulfill his job duties; whether the value of the lodging should be factored into the "regular rate" for calculating his overtime rate; whether the alleged amount owed is *de minimus*; whether the janitorial exemption applies and thus excludes Plaintiff's MA state claims; and whether there are other similarly situated employees. (*Id.* ¶ 10).

On July 19, 2018, with the assistance of Magistrate Judge Robert W. Lehrburger, the parties attended the Settlement Conference to further explore the possibility of a resolution, but the case did not resolve. (*Id.* ¶ 11). On July 31, 2018, the parties appeared before Your Honor for the Initial Pre-Trial Conference. (*Id.* ¶ 12). Subsequently, the parties exchanged initial disclosures and served each other formal discovery requests including interrogatories and requests for production of documents. (*Id.*). The Plaintiff intended to move for Collective Certification under 216(b), but after meeting and conferring extensively with Defendants regarding the different collective bargaining agreements and different policies applicable to the distinct locations, decided to proceed individually. (*Id.* ¶ 13).

On September 10, 2018, without any settlement agreement or solicitation, Plaintiff was served a Rule 68 Offer of Judgment in the amount of $12,500, inclusive of interest and liquidated damages, *plus* cost and reasonable attorney's fees to be determined by the Court. (*Id.* ¶ 14). At that time, Defendants produced emails and work sheets concerning the emergency calls to further their calculations of the Rule 68 offered amount for the Plaintiff which provided more focused information to do a precise damages calculation. (*Id.* ¶ 15).

Based on the records and extrapolations regarding other off the clock time, the best case scenario for Plaintiff under the FLSA would be $14,107.45. (*Id.* ¶ 16). Damages are calculated based on $7,053.72 actual damages, computed by $1,757.01 (unpaid recorded time) + $1,772.20

(documented off-the-clock emergency work) + $1,772.20 (undocumented off-the-clock emergency work) + $1,752.31 (inaccurate OT rate damages), plus an equal amount in liquidated damages, totaling $14,107.45 under the FLSA. (*Id.* ¶ 17).[1]

Defendants' Rule 68 Offer of $12,500 is reasonable in light of the considerable risks that Plaintiff may face. First, a trial on the merits might involve significant risks for Plaintiff to both liability and damages for his off-the-clock claims. (*Id.* ¶ 18). Plaintiff specifically would need to prove that he performed additional off-the-clock work beyond the documented emergency calls and management had knowledge about it. (*Id.*). The undocumented calls and activities would be difficult to show the employer had knowledge or to quantify the time. (*Id.*). Furthermore, the Court might determine the lodging is for the benefit of employer and thus find Defendants were not required to include the value of the lodging in the calculation of overtime rate, in which case Defendants might ultimately assert individualized defenses contending Plaintiff and other on-site maintenance workers were not similarly situated as to his off-the-clock claims. (*Id.*).

Based on the foregoing, Defendants' Rule 68 Offer of $12,500 would afford Plaintiff the full actual damages plus approximately 88.61% of liquidated damages based on potential non-documented but purely testimonial evidence. (*Id.* ¶ 19). Due to the Offer of Judgment, the Plaintiff might not be able to obtain in trial a more favorable judgment than this offered amount and, as a result, may face a risk of having to pay the costs incurred after the offer was made, which could completely wipe out even a favorable recovery. (*Id.*). Defendants served the Offer of Judgment without any agreement or settlement between the parties. (*Id.* ¶ 20).

Acknowledging the risk of continued litigation, the uncertainty of the rulings on the factual and legal merits, and to avoid the burden and expenses Plaintiff would face in trying to establish his claims, Plaintiff accepted the Rule 68 Offer of Judgment on September 17, 2018. (*Id.* ¶ 21).

Under the terms of the accepted Rule 68 Offer of Judgment, Plaintiff is due to receive $12,500, inclusive of interest and liquidated damages, *plus* cost and reasonable attorney's fees to be determined by the Court and paid by Defendants, a Judgment shall be entered by the District Court Clerk, for the United States District Court, Southern District of New York, and Plaintiff will separately submit petition for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act, Rule 54 of the Federal Rules of Civil Procedures and any other applicable laws and rules. (*Id.* ¶ 25). There was no written settlement agreement in this matter other than the accepted Rule 68 Offer of Judgment.

In sum, the parties submit that the terms of the accepted Rule 68 Offer of Judgment represents a fair and reasonable resolution of the matter achieved through discovery and a number of arm's-length negotiations between skilled and experienced Counsel, in a context where all parties faced significant litigation risks with respect to hotly contested factual and legal issues. (*Id.* ¶ 24). Therefore, the parties respectfully request that the Court approve the Rule 68 Offer and the Acceptance thereof and enter the proposed Order of Judgment (ECF No. 24).

---

[1] Defendants dispute Plaintiff's counsel's damage calculation. Defendants maintain that if Plaintiff were to proceed to trial and succeed, he would be entitled to *at most* $3,390.24 in damages, exclusive of liquidated damages and pre-judgment interest.

**The Offer of Judgment is Fair and Reasonable**

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335-36 (S.D.N.Y. 2012).

The parties submit that these factors are satisfied and the terms of the accepted Rule 68 Offer is fair and reasonable as more fully set forth below.
.

*Plaintiff's Range of Possible Recovery*

As stated above, Plaintiff's Counsel estimates that based on the produced discovery coupled with potential non-documented but purely testimonial evidence, if Plaintiff prevailed he would be entitled to approximately $7,053.72 in actual damages plus an equal amount in liquidated damages.

In light of the factual and legal disputes underlying the Plaintiff's claims, coupled with the uncertainty of knowing which party could ultimately succeed on the merits and how much the potential recovery would be, Plaintiff is satisfied with the $12,500 he stands to receive under the terms of the accepted Rule 68 Offer. (Teng Decl., ¶ 23).

According to Plaintiff's counsel's damage calculation, the accepted Rule 68 Offer of $12,500 constitutes Plaintiff's full actual damages plus approximately 88.61% of liquidated damages under the FLSA. According to Defendants' counsel's damage calculation, the accepted Rule 68 Offer of $12,500 is approximately double what Plaintiff would have been entitled to, had the case proceeded to trial and Plaintiff obtained a successful outcome. Nevertheless, under both parties' calculations, the amount of $12,500 reflects a fair, reasonable, and favorable outcome for Plaintiff.

*Avoiding Anticipated Burdens in Establishing the Respective Claims and Defenses and the Seriousness of the Litigation Risks Faced by the Parties*

Given the parties' *bona fide* disputes over the factual and legal merits stated herein, the continued litigation costs over fact-intensive discovery and trial preparation, the potential that a court or jury could resolve it in Defendant's favor on claims such as inaccurate overtime rate, the janitorial exemption, management's knowledge of alleged off-the-clock work as well as computation of the total alleged off-the-clock damages, the Court should find that the burdens, costs, and risks to Plaintiff of litigating this matter outweighed the possibility holding out for a greater recovery.

*Arm's-Length Bargaining Between Experienced Wage and Hour Counsel*

At all times, the parties were at an arm's-length relationship and were represented by experienced Counsel. The parties attended a mandatory Settlement Conference before Magistrate Judge Robert W. Lehrburger. The parties litigated with respect to their *bona fide* disputes over factual and legal merits as well as computation of damages by serving and exchanging discovery to establish their respective positions.

In this matter, Counsel relied on their experience of similar alleged wage-and-hour cases to perform a thorough investigation and evaluation of Plaintiff's claims and his potential recovery based on information obtained through discovery. Counsel's able representation ensured that Plaintiff's rights under the statute were protected. Given Counsel's experience in these cases, the parties agree and stipulate that the offered amount is fair and reasonable under the circumstances of this case.

### Conclusion

For the reasons set forth herein, the parties submit that the terms of the accepted Rule 68 Offer reflect a fair and reasonable resolution of a *bona fide* dispute between the parties. Therefore, the parties respectfully request that the Court approve Plaintiff's Acceptance of Defendants' Rule 68 Offer of Judgment.

Respectfully submitted,

Date: October 5, 2018

s/ *Ching-Yuan Teng*
Ching-Yuan ("Tony") Teng
Nicholas Conlon
Jason T. Brown
Brown, LLC (formerly JTB Law Group, LLC)
155 2nd Street, Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297

*Attorneys for Plaintiff*

s/ *Stuart Weinberger*
Stuart Weinberger
Goldberg and Weinberger LLP
630 Third Avenue, 18th Floor
New York, New York 10017
T: (212) 867-9595 (Ext. 313)

Joshua Sam Beldner
Tilton Beldner LLP
626 RXR Plaza
Uniondale, NY 11556
T: (516) 262-3602
F: (516) 324-3170

*Attorneys for Defendants*