UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    :
KENNETH TRAVERS, *individually and on behalf of*    :
*others similarly situated*,    :
    :    18-CV-1903 (JMF)
                  Plaintiff,    :
    :    <u>ORDER</u>
        -v-    :
    :
RELIANT REALTY SERVICES, LLC,    :
HARBORVIEW TOWERS DEVELOPERS, LLC, and    :
HARBORVIEW TOWERS, L.P.,    :
    :
                  Defendants.    :
    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    By letter dated September 17, 2018, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that Plaintiff had accepted Defendants' Rule 68 Offer of Judgment. By Order entered September 18, 2018, the Court directed the parties to submit a joint letter explaining, among other things, the basis for the parties' settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

    The Court, having reviewed the parties' joint letter dated October 5, 2018, finds that the parties' settlement is fair and reasonable, given both the nature and scope of Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id*. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the

case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

The parties shall meet and confer in an attempt to reach agreement on Plaintiff's attorney's fees and costs. Barring agreement, Plaintiff shall file any motion for attorney's fees by November 5, 2018; Defendants shall file any opposition to such application by November 14, 2018; and Plaintiff shall file any reply by November 19, 2018.

The Clerk of the Court is directed to enter judgment in accordance with the accepted Offer of Judgment (Docket No. 23) and to close this case.

SO ORDERED.

Dated: October 11, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge